■ HERITAGE PARTNERS LLC et al., Appellants, v STROOCK & STROOCK & LAVAN LLP, Respondent. [65 NYS3d 197]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 16, 2017, which granted defendant's motion to dismiss the complaint with prejudice, unanimously affirmed, with costs.

Even if our decision in a prior action between the parties (*Heritage Partners, LLC v Stroock & Stroock & Lavan LLP*, 133 AD3d 428 [1st Dept 2015], *lv denied* 27 NY3d 904 [2016]) does not constitute res judicata barring the instant action (a question we need not address), the new complaint fails to state a cause of action for malpractice because it does not sufficiently allege that defendant's negligence was the proximate cause of plaintiff's damages. While the current complaint addresses many of the problems we noted in the prior appeal, it does not adequately address the difficulty of "obtain[ing] debtor-in-possession financing in a troubled economic climate" (*Heritage Partners, LLC v Stroock & Stroock & Lavan LLP*, 133 AD3d at 429). Plaintiffs allege that "any funding required to facilitate a bankruptcy plan would have been secured through the bankruptcy court's issuance of a 'superpriority lien' . . . . Plaintiffs' over $71 million in equity cushion was more than sufficient to secure approval from a bankruptcy court for a superpriority lien for DIP Financing." However, as defendants contend, it is conjecture that there would have a been a DIP lender willing to finance plaintiffs' reorganization even if the bankruptcy court gave it superpriority. Unlike *In re Lake Michigan Beach Pottawattamie Resort LLC* (547 BR 899 [Bankr ND Ill 2016]), this is not a case where "the Debtor . . . offered to provide evidence . . . of lenders willing to refinance the Property and pay [the existing lender] in full" (*id.* at 908). Thus, like the allegations in the prior complaint, the allegations in the current complaint are "couched in terms of gross speculations on future events and point to the speculative nature of plaintiffs' claim" (*Heritage*, 133 AD3d at 429 [internal quotation marks and brackets omitted]). Concur—Tom, J.P., Friedman, Andrias and Gesmer, JJ.